# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COLLEEN NATOLI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT LODGE NO. 837, )<br>INTERNATIONAL ASSOCIATION OF )<br>MACHINISTS AEROSPACE WORKERS )<br>AFL-CIO, )<br>)<br>Defendant. ) | Case No. 4:14CV2017JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss Amended Complaint filed by Defendant District Lodge 837 of the International Association of Machinists and Aerospace Workers, AFL-CIO ("District 837"). (ECF No. 25). The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

Plaintiff Colleen Natoli initiated this action by filing a Petition in the Circuit Court of St. Louis County, Missouri on September 26, 2014. (Removal Notice, ECF No. 1). District 837 timely removed the matter to this Court, and Natoli filed an Amended Complaint on January 12, 2015. (Removal Notice; Amended Complaint, ECF No. 20). According to her Amended Complaint, Natoli "was employed by The Boeing Company (henceforth "Boeing") from April 13, 2001 to May 10, 2013" and was during that time a member of District 837. (Amended Complaint, ¶¶ 3, 4).

"On Saturday January 19, 2013, [Natoli] worked on a Small Diameter Bomb (SDB) wing assembly work order, and during the process of completing the wing assembly order, cut three

1

wires too short." *Id.* ¶ 5. Natoli reported one of the incidents to her manager. *Id.* ¶ 6. Natoli also "disassembled the SBD wing assembly, removed the non conforming components, and reassembled the SBD wing with conforming components." *Id.* ¶ 7. Natoli intended to report her actions the following Monday but forgot to do so "due to her abuse of alcohol . . . and the deleterious effect the alcohol abuse had on her work performance and her memory." *Id.* ¶¶ 7, 8. Natoli was terminated as a result of her actions "for violating the Expected Conduct for All Boeing Employees in particular #4, 'Concealing Defective Work and #3, 'Failure to Comply' . . . ." *Id.* ¶ 10.

Natoli further alleges that "at the time of her termination, [Natoli] filed a grievance with the Plant Chairman Ron Evola stating that she felt that she was unjustly terminated." *Id.* ¶ 17. Evola offered her no information other than the time frame in which her grievance must be filed. *Id.* Among Evola's alleged omissions was a reference to Boeing's "Drug and Alcohol Free Workplace ("DFW")" policy. *Id.* The DFW policy allows Boeing employees to qualify for a "'Discharge-in-Abeyance' (hereafter 'DIA') if the employee displays attendance or performance issues due to alcohol or substance abuse." *Id.* ¶ 12. "If an employee qualifies for the DIA program, then the employee's discharge is abated and the employee participates in a 'Substance Abuse Rehabilitation Plan' with the guidance of the 'Employee Assistance Program' (henceforth 'EAP') and the employee maintains her employment." *Id.* ¶ 14. Evola's failure to notify Natoli of the DIA policy at the time of her termination allegedly caused Natoli to lose the privileges to which she was entitled under the policy. *Id.* ¶¶ 18, 20.

Natoli claims that Evola's handling of her termination, due to his failure to disclose information about the DIA policy, was a breach of District 837's Duty of Fair Representation. *Id.*

¶¶ 30-33. District 837 seeks to dismiss Natoli's Amended Complaint on the ground that she has failed to state a claim upon which relief can be granted.

## MOTION TO DISMISS STANDARD

Fed. R. Civ. P. 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief' . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts must view the allegations in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Courts must also "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). A Rule 12(b)(6) motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Stated differently, to survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (citations omitted).

## DISCUSSION

District 837 contends that Natoli's Amended Complaint should be dismissed because the DIA policy would not have applied to Natoli. (Support Memo, ECF No. 26, at 7). This is so because the policy covers only "those employees whose substance abuse resulted in discharge for the offenses of 'unacceptable attendance or work performance.'" *Id.* (quoting Amended Complaint, ¶ 13). Natoli's termination fell under neither category. *Id.* Instead, Natoli pleads in her Amended Complaint that "she was fired for 'concealing defective work' and 'failure to comply.'" *Id.* (quoting Amended Complaint ¶ 10). Any failure by Evola to inform Natoli of the policy therefore could not have breached the duty of fair representation.

3

Natoli responds that, contrary to District 837's assertions, she did plead that she was fired for problems related to her work performance. (Natoli Response, ECF No. 29, ¶ 2 (quoting Amended Complaint ¶ 8)). She would therefore have been covered under the DIA policy. *See id.* ¶¶ 8, 9. But she was not given the opportunity to take advantage of the policy because Evola failed to inform her of it. *Id.* ¶¶ 6, 14. Moreover, Evola's reason for failing to inform Natoli of the policy was allegedly that he felt he had other obligations to meet and therefore did not give Natoli the attention to which she was entitled. *Id.* ¶ 6. Evola, as a representative of District 837, therefore acted in an arbitrary and perfunctory manner, which amounts to a breach of District 837's duty of fair representation. *Id.* ¶¶ 6, 8, 10, 16.

"A breach of the duty of fair representation by a union occurs only when the union's conduct is 'arbitrary, discriminatory, or in bad faith.'" *Smith v. United Parcel Serv.*, 96 F.3d 1066, 1068 (8th Cir. 1996) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). "A union's conduct is arbitrary if, considering all the circumstances at the time of the union's action or inaction, 'the union's behavior is so far outside a wide range of reasonableness as to be irrational.'" *Id.* (quoting *Beavers v. United Paperworks Int'l Union, Local 1741*, 72 F.3d 97, 100 (8th Cir. 1995)). A union acts in bad faith when it engages in "'fraud, deceitful action or dishonest conduct' . . . ." *Id.* at 1069 (quoting *Schmidt v. Int'l Bhd. of Elec. Workers, Local 949*, 980 F.2d 1167, 1170 (8th Cir. 1992)). "Discriminatory conduct occurs when the union fails to serve 'the interests of all members without hostility or discrimination toward any.'" *Thompson v. United Transp. Union*, 588 F.3d 568, 572 (8th Cir. 2009) (quoting *Vaca*, 386 U.S. at 177).

The Supreme Court has found that one example of a breach of the duty of fair representation is when a union "'arbitrarily ignore[s] a meritorious grievance or process[es] it in [a] perfunctory fashion.'" *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 47 (1979)

(alterations in original) (quoting *Vaca*, 386 U.S. at 190). The Eighth Circuit has defined "perfunctory" to mean that the union "acted without concern or solicitude, or gave plaintiff's grievance only cursory attention." *Brown v. Trans World Airlines, Inc.*, 746 F.2d 1354, 1357 (8th Cir. 1984). To survive this motion to dismiss, Natoli must have alleged sufficient facts to support a plausible claim that District 837 breached its duty.

Natoli has alleged that Evola, the plant chairman, failed to inform Natoli of the DIA policy prior to her leaving the Boeing premises. (Amended Complaint, ¶¶ 12-17). Evola allegedly did not alert Natoli to the DIA policy "because he said he 'had to be somewhere' and did not have time to properly discuss [Natoli's] termination with her." *Id.* ¶ 19. Because of Evola's failure, Natoli was allegedly unable to take advantage of the DIA policy and unable subsequently to raise it "in defense during the course of the grievance and arbitration process." *Id.* ¶ 25.

These allegations provide insufficient support for the claim that District 837, through Evola, acted in a manner that was arbitrary, discriminatory, or in bad faith. At most, they arguably support a plausible claim that Evola acted in a perfunctory manner. But there is no indication that Natoli's grievance had merit, which is a requirement under the *Vaca* perfunctory-action standard.[1] *Vaca*, 386 U.S. at 190. As District 837 correctly points out, the DIA policy applies only to Boeing employees who are terminated for two specific reasons: "'unacceptable attendance' and 'work performance' problems[,]" which are clearly defined categories. (District 837 Reply, ECF No. 30, at 3 (citing Employee Corrective Action Process Requirements, "ECAPR," ECF No. 30-3, at 15, 18, 32, 33)). Natoli's termination, as described in her Amended

---

[1] The Court assumes here that Evola's actions were taken in the processing of a grievance, also a requirement of the *Vaca* standard. *Baker v. Constr. and Gen. Laborers, Local No. 264, AFL-CIO*, 822 F.2d 781, 784 (8th Cir. 1987). While the Amended Complaint does not make clear that the meeting with Evola was part of the grievance process, it is arguably a reasonable inference to be drawn from the facts alleged.

Complaint, fell under neither. *Id.* (citing Employee Corrective Action Memo, "ECAM," ECF No. 30-2).[2] Natoli therefore has provided no factual support for her claim that the DIA policy was applicable to her. Without factual allegations to support the existence of a meritorious grievance, there is insufficient support for a plausible perfunctory-action claim under *Vaca*. Natoli has therefore failed to state a plausible claim for breach of District 837's duty of fair representation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant District Lodge 837's Motion to Dismiss Amended Complaint, (ECF No. 25), is **GRANTED**, and Plaintiff Colleen Natoli's Amended Complaint is **DISMISSED**. A separate judgment will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that District 837's Motion to Strike Plaintiff's Request for Punitive Damages and Damages for "Emotional Distress and Mental Anguish," (ECF No. 23), is **DENIED AS MOOT**.

Dated this  9th   Day of March, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] Natoli contends that the ECAPR and ECAM are "matters outside the pleadings" that cannot be considered on a Rule 12(b)(6) motion without converting the motion into one for summary judgment under Fed. R. Civ. P. 56. (Natoli Surreply, ECF No. 33, ¶¶ 3-5). These documents are cited and quoted in several paragraphs of Natoli's Amended Complaint. (Amended Complaint, ¶¶ 10, 12-15). They are therefore in the category of "'matters incorporated by reference or integral to the claim'" that federal courts may consider in the context of a Rule 12(b)(6) motion. *See Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).